IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRADERIVER USA, INC.,** | * | **CIVIL NO. JKB-19-2941** |
| Plaintiff, | * | |
| v. | * | |
| **CUBITAC CORPORATION,** *et al.*, | | |
| Defendants. | * | |

## MEMORANDUM

Plaintiff TradeRiver USA, Inc. ("TRUSA") sued Cubitac Corporation ("Cubitac") and Cubitac's President, Joel Weiss (collectively, "Defendants") in relation to debts Cubitac allegedly owes TRUSA. TRUSA filed an affidavit of service for Cubitac (ECF No. 5), and the clerk entered an order of default against Cubitac for failure to respond. (ECF No. 8.) TRUSA did not serve Joel Weiss, and the Court ordered TRUSA to show cause why Defendant Weiss should not be dismissed. (ECF No. 10.)

Now pending before the Court are: (1) Cubitac's motion to vacate the entry of default and to dismiss the claim against it (ECF No. 11), and (2) TRUSA's response to the order to show cause. (ECF. No. 14.) Each matter is fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will vacate the entry of default against Cubitac, dismiss TRUSA's claim against Cubitac, and dismiss TRUSA's claim against Joel Weiss without prejudice.

1

## I. Factual and Procedural Background

TRUSA is a Delaware financial services corporation with its principal place of business in Maryland. (Compl. ¶ 1, ECF No. 1.) TRUSA provides users "secure transactional services and monetary advances" for a fee. (*Id.* ¶ 16.) Cubitac is a New York corporation with its principal place of business in New Jersey. (*Id.* ¶ 2.) Joel Weiss is the President of Cubitac and a resident of New York. (*Id.* ¶ 3.)

In March of 2018, Cubitac agreed to the TRUSA Terms and Conditions of Buyer Participation in the Platform (the "Terms and Conditions") to obtain access to TRUSA's trade finance platform. (*Id.* ¶ 7; Terms and Conditions, Compl. Ex. 1, ECF No. 1-1.) Among other provisions, the Terms and Conditions includes a forum-selection clause, which establishes that "the courts of Maryland shall have exclusive jurisdiction to settle any dispute or claim arising out of or in connection with this agreement or its subject matter or formation." (Terms and Conditions ¶ 25.1.) Joel Weiss also entered into a separate contract with TRUSA (the "Guaranty"), in which he personally guaranteed performance of Cubitac's obligations under the Terms and Conditions. (Compl. ¶¶ 9–10; Guaranty, Compl. Ex. 3, ECF No. 1-3.)

On October 8, 2019, TRUSA filed suit against Cubitac and Joel Weiss, alleging that Defendants had defaulted on their obligations under the Terms and Conditions and the Guaranty, and owe TRUSA over $1.7 million. (Compl.) On October 29, TRUSA tried to serve Defendants by attempting to deliver two copies of the summons and complaint to Joel Weiss at Cubitac's office in New Jersey. (Maucione Aff., Aff. of Service Ex. 5, ECF No. 5-5.) According to the process server, though Joel Weiss appeared to be in Cubitac's office when the process server arrived, he refused to make himself available. (*Id.* ¶¶ 3–8.) Unable to serve Joel Weiss, the process server instead delivered the summons and complaint to a Cubitac employee who identified himself

2

as Manny Weiss (also known as Menachem Weiss). (*Id.* ¶¶ 8–10.) Menachem Weiss agreed to sign for the summons and complaint and to deliver them to Joel Weiss, though he also cautioned the process server, "I can sign but I am not authorized to sign." (*Id.* ¶ 8.)

TRUSA considered the process server's delivery of the summons and complaint to Menachem Weiss effective service on Cubitac under Maryland Rule 2-124 and thus made no subsequent attempts to serve Cubitac. (Aff. of Service, ECF. No. 5.) TRUSA did make one additional effort to personally serve Joel Weiss, by attempting to deliver the summons and complaint to his residence on November 27, 2019. (Scheurer Aff., Resp. Ord. Show Cause Ex. 7, ECF No. 14-7.) According to the process server who made this second attempt at service, an individual who appeared to be Joel Weiss hid inside the residence, then fled the process server in an SUV, nearly striking her in his haste to get away. (*Id.*) Additionally, TRUSA repeatedly contacted outside counsel for Defendants, but counsel refused to accept service on Defendants' behalf. (Resp. Ord. Show Cause, ECF No. 14.)

On December 4, 2019, TRUSA submitted an affidavit affirming that Cubitac had been served on October 29 and moved for an entry of default against Cubitac. (Aff. of Service.) The clerk entered an order of default on December 12, 2019 and provided Cubitac notice that it had 30 days to file a motion to vacate. (ECF. Nos. 8, 9.) TRUSA did not submit any proof of service for Joel Weiss during the 90-day period following the filing of the complaint, so on January 9, 2020, the Court ordered TRUSA to show cause why Joel Weiss should not be dismissed. (ECF No. 10.)

On January 13, 2020, Cubitac filed a motion to vacate the default and dismiss the claim against it. (Mot. Vacate and Dismiss, ECF No. 11.) Cubitac argued that the default should be vacated and dismissal granted because (1) the forum selection clause in the Terms and Conditions establishes Maryland state courts as the exclusive jurisdiction for disputes related to that contract,

3

and (2) TRUSA did not effectively serve Cubitac. (Mot. Vacate and Dismiss Mem., ECF 11-1.) TRUSA opposed Cubitac's motion, arguing that it had effectively served Cubitac and that the forum selection clause permits litigation before any court located in Maryland, whether state or federal. (Opp'n Mot. Vacate and Dismiss, ECF No. 15.) Separately, TRUSA also filed a response to the order to show cause, outlining the difficulties TRUSA faced in attempting to serve Joel Weiss. (ECF No. 14.) TRUSA requested that if the Court were to retain the action against Cubitac, that it then reissue the summons and allow for alternative service—but if the Court were to deny the motion to vacate and not retain the action, that it then dismiss the claim against Joel Weiss without prejudice. (*Id.*)

## *II. Motion to Vacate Entry of Default*

Federal Rule of Civil Procedure 55 provides that a court "may set aside an entry of default for good cause." The decision whether to set aside an entry of default pursuant to a Rule 55 motion "'lies largely within the discretion of the trial judge.'" *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit of the United States Court of Appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417–21 (4th Cir. 2010). Accordingly, "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Id.* at 421 (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

Courts typically consider six factors when determining whether to set aside an entry of default pursuant to Rule 55: (1) "whether the moving party has a meritorious defense," (2)

4

"whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–05. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).

Here, there is good cause to vacate. The most compelling of the six *Payne* factors is the first: "whether the moving party has a meritorious defense." *Payne*, 439 F.3d at 204. As discussed below, Cubitac has asserted a convincing *forum non conveniens* defense. Further, Cubitac has raised a persuasive argument that TRUSA's delivery of the summons and complaint to Menachem Weiss did not constitute effective service under Federal Rule of Civil Procedure 4(h) and Maryland Rule 2-124(d).

The second and fourth *Payne* factors also weigh in favor of a finding of good cause. Cubitac acted with reasonable promptness in submitting its motion to vacate and dismiss within 30 days of the entry of default and before the entry of default judgment. *See Broad. Music, Inc. v. Carrie Bell, Inc.*, Civ. No. JKB-19-1517, 2019 WL 6255173, at *3 (D. Md. Nov. 22, 2019) (defendant "acted with reasonable promptness by moving to set aside the entry of default less than one month after it was entered"); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) (finding delay of one month reasonable). Furthermore, though Defendants' conduct has no doubt frustrated TRUSA, TRUSA has not identified any substantial prejudice it will suffer as a result of the delay. *See Colleton*, 616 F.3d at 418–19 ("delay in and of itself does not constitute prejudice").

However, the third and fifth *Payne* factors do weigh against Cubitac. Cubitac's default is the direct and logical result of Defendants' decision to adopt a strategy of evasion and delay designed to avoid adjudication of the merits of this dispute. Regardless of whether Cubitac successfully evaded service as a technical matter, the record leaves no doubt that Cubitac had actual notice of TRUSA's claims as early as October, and that its failure to answer TRUSA's complaint was a strategic decision. Indeed, Cubitac has essentially admitted as much, proffering the lame justification that Defendants are preserving "much-needed funds and resources" through their dilatory tactics. (Mot. Vacate and Dismiss Mem. at 6). To make matters worse, it appears that this is not the only litigation in which Defendants are pursuing such a strategy of evasion and delay. *See, e.g., AVT New Jersey, L.P. v. Cubitac Corp.*, Civ. No. JNP-19-00662, 2019 WL 6310226 (D. Utah Nov. 25, 2019) (cataloguing a different plaintiff's frustrations in attempting service on Cubitac and Joel Weiss).

Though Defendants' behavior gives the Court pause, the Court finds that based on the strength of Cubitac's *forum non conveniens* defense, the serious question Cubitac has raised regarding the sufficiency of service, Cubitac's relative promptness in filing its motion to vacate, and the lack of prejudice to TRUSA, a default judgment of $1.7 million would be far too steep a penalty for Cubitac's conduct. Particularly given the Fourth Circuit's strong preference that "defaults be avoided and that claims and defenses be disposed of on their merits," the default must be set aside. *Colleton*, 616 F.3d at 417–21.[1]

---

[1] The Fourth Circuit has not decided whether the failure to properly serve a party is independently sufficient to set aside an entry of default against that party. Because the *Payne* factors weigh in favor of setting aside the entry of default, this Court need not determine whether the issues raised by Cubitac regarding TRUSA's service of process alone mandate setting aside the entry of default. *See Turpin v. Wellpoint Companies, Inc.*, Civ. No. HEH-10-850, 2011 WL 1086482, at *2 n.6 (E.D. Va. Mar. 23, 2011) (declining to decide whether improper service requires setting aside entry of default where *Payne* factors supported setting aside entry of default).

## III. Motion to Dismiss: Forum Selection Clause

Cubitac argues that the complaint should be dismissed because the District of Maryland is an improper forum pursuant to the forum selection clause in the Terms and Conditions. "As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir.), *as amended* (Mar. 27, 2018), *cert. denied sub nom. Republic of Korea's Def. Acquisition Program Admin. v. BAE Sys. Sol. & Servs., Inc.*, 139 S. Ct. 209 (2018). If a valid forum-selection clause grants exclusive jurisdiction to a foreign forum, "the appropriate way to enforce [it] is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).[2] "In analyzing forum selection clauses, courts begin by determining whether the limitation provided in the clause is one of sovereignty or geography." *Pritchett Controls, Inc. v. Hartford Accident & Indem. Co.*, Civ. No. CCB-17-2089, 2017 WL 5591872, at *3 (D. Md. Nov. 21, 2017) (quoting *Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F. Supp. 2d 807, 810 (D. Md. 2008)). The Fourth Circuit has held that "forum selection clauses that use the term 'in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state." *Findwhere Holdings, Inc. v. Systems Environment Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (citations omitted).

---

[2] Though Cubitac styles its dismissal argument as a 12(b)(3) challenge to venue, since Cubitac's argument focuses on the enforcement of a forum selection clause, the Court will treat it as a *forum non conveniens* challenge. *See Ripley v. Long Distance Relocation Servs., LLC*, Civ. No. CCB-19-0373, 2019 WL 5538343, at *2 n.3 (D. Md. Oct. 25, 2019) (treating 12(b)(3) motion as *forum non conveniens* challenge); *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018) ("Although Apple had not formally moved to dismiss based on forum non conveniens, this dismissal motion plainly invoked the forum selection clause and asked the court to enforce it . . . the judge was well within his discretion to treat the motion as, in substance, a forum non conveniens motion.").

Here, the forum selection clause in the Terms and Conditions provides that "[e]ach party irrevocably agrees that the courts of Maryland shall have exclusive jurisdiction to settle any dispute." (Terms & Conditions ¶ 25.1.) TRUSA and Cubitac agree that this clause is binding. (Compl. ¶ 19; Mot. Vacate and Dismiss Mem. at 2–3). But they disagree on its interpretation. Cubitac argues that in accordance with the Fourth Circuit precedent cited above, the term "courts of Maryland" should be understood as exclusively referencing Maryland state courts. (Mot. Vacate and Dismiss Mem. at 3). TRUSA grants that the term "courts of Maryland" should typically be understood as selecting only Maryland state courts, but argues that in the context of the other provisions of the Terms and Conditions, the term should be understood to include federal courts located in Maryland. (Opp'n Mot. Vacate and Dismiss at 7–8.) Specifically, TRUSA points to paragraph 15.11 (providing for enforcement of "any judgment obtained in any U.S. court of competent jurisdiction") and paragraph 20.1 (providing for entry of judgment by confession by any clerk "in the States of Maryland or Delaware or in any of the jurisdictions in which the Buyer or any guarantor resides") as introducing ambiguity regarding the intended meaning of "courts of Maryland." TRUSA also identifies the recent decision of the United States District Court for the District of New Hampshire in *Hiram Lodge Enterprises Corp. v. TSN, LLC* as providing support for its position, since *Hiram Lodge* interpreted a forum selection clause which included both the "of the [state]" and "in the [state]" formulation as establishing only a geographical limitation. Civ. No. JL-17-462, 2018 WL 671177 (D.N.H. Feb. 1, 2018).

The Court finds that the forum selection clause in the Terms and Conditions selects the state courts of Maryland as the "exclusive jurisdiction to settle any dispute." *Findwhere* is directly on point and the Court is persuaded that under *Findwhere*, the "courts of Maryland" language must be understood as "limiting jurisdiction over the parties' dispute to the state courts." *Findwhere*,

8

626 F.3d at 755. Though the reasoning of *Hiram Lodge* holds some persuasive value, that opinion's logic is inapplicable here, since the allegedly conflicting provisions of the Terms and Conditions do not actually draw into doubt the meaning of "courts of Maryland" in paragraph 25.1. The breadth of the "any judgment obtained in any U.S. court of competent jurisdiction" language of paragraph 15.11 does not contradict the notion that the parties intended to elect the state courts of Maryland as the jurisdiction in which to litigate disputes. Likewise, the provision for entry of judgment by confession "in the States of Maryland or Delaware or in any of the jurisdictions in which the Buyer or any guarantor resides [*i.e.*, New Jersey and New York]" in paragraph 20.1 does not bear on the forum selection language in 25.1. Accordingly, the Court will dismiss the claim against Cubitac on the ground of *forum non conveniens*.

Because the Court finds that dismissal for *forum non conveniens* is warranted, the Court need not decide the question of whether TRUSA effectively served Cubitac under Maryland Rule 2-124(d) by delivering a copy of the summons and complaint to Menachem Weiss. That said, the Court notes that Cubitac raises a compelling argument that TRUSA's effort at service was ineffective because, regardless of his title, the evidence shows that Menachem Weiss is not authorized to receive service. *See, e.g., Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 653–54 (D. Md. 1986) (rejecting service on "building manager"); *Davey Tree Expert Co. v. Moon Site Mgmt., Inc.*, Civ. No. CCB-19-1220, 2020 WL 230895, at *2-3 (D. Md. Jan. 15, 2020) (rejecting service on unauthorized employee). However, there is authority implying that given the convincing evidence of "actual notice," Menachem Weiss's receipt of the summons and complaint and his representation that he would deliver the same to Joel Weiss could potentially satisfy Maryland Rule 2-124(d). *See, e.g., Acad. of IRM v. LVI Envtl. Servs., Inc.*, 687 A.2d 669, 675 (Md. 1997). Though the issue is moot here, the Court would advise TRUSA that if faced with

similar difficulties effectuating service in the future, the best recourse is to alert the presiding court and move for leave to pursue alternative service under Maryland Rule 3-121.

For the sake of clarity, the Court notes that this is a procedural decision, and not a final adjudication on the merits of the dispute between the parties. TRUSA shall have the opportunity to refile this litigation in state court, pursuant to Maryland Rule 2-101(b).

## IV. *Order to Show Cause*

Because the Court is not retaining the action against Cubatic, the Court will also dismiss Joel Weiss without prejudice. This is in accordance with TRUSA's request that Defendant Weiss be dismissed if the Court does not retain the action and serves the interests of judicial economy. (Resp. Ord. Show Cause at 1.)

## V. *Conclusion*

For the foregoing reasons, an order shall enter granting Cubitac's motion to vacate the entry of default and dismiss the claims against it, and dismissing Joel Weiss without prejudice.

DATED this 24 day of February, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge